# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA STONER, | ) |
| | ) CIVIL ACTION NO. _____ |
| Plaintiff | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

Plaintiff, Angela Stoner, a resident of Cumberland County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above named Defendant, Wal-Mart Stores East, LP, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331, 1343 and 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Angela Stoner, is an adult individual residing in Cumberland County, Pennsylvania.

4. Defendant, Wal-Mart Stores East, LP (hereinafter referred to as "Walmart"), is an Arkansas corporation with a business address of 702 SW 8th Street, Bentonville, Arkansas 72716-8611.

5. At all times relevant and material hereto, Walmart owned and operated the Walmart retail store located at 6520 Carlisle Pike #550, Mechanicsburg, Cumberland County, Pennsylvania.

6. Plaintiff was employed by Walmart at the Mechanicsburg store for approximately eighteen (18) years prior to her termination on or about March 27, 2017.

## ADMINISTRATIVE PROCESS

7. Plaintiff filed a claim of disability discrimination with the Pennsylvania Human Relations Commission, which was docketed as Case No. 201606167.

8. Plaintiff's claim was cross-filed with the Equal Opportunity Commission, which was docketed as Charge No. 17F201860261

9. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated June 15, 2018.

10. All administrative remedies have been exhausted prior to the filing of this Complaint.

## STATEMENT OF FACTS

11. Plaintiff was employed as a cashier for Walmart at the Mechanicsburg store.

12. Plaintiff was approved for intermittent leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") from May 15, 2016 through May 14, 2017, due to issues related to her back.

13. Prior to her FMLA leave, Plaintiff underwent back surgery.

14. At the time her FMLA leave was approved, Plaintiff was considered disabled under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* (the "ADA") as a result of her back conditions. Plaintiff's disability is considered permanent.

15. Plaintiff's back condition affects her ability to walk, lift, stand, bend and stoop.

16. When Plaintiff was initially approved for intermittent FMLA, her doctor estimated that she would experience flare ups one time per month, lasting one to three days.

17. On or about January 18, 2017, Plaintiff's physician provided Walmart, through Walmart's third-party administrator Sedgwick Claims

3

Management Services, Inc. ("Sedgwick"), an updated estimate indicating that Plaintiff's flare ups may occur up to four times per month and last one to three days.

18. Sedgwick acknowledged receipt of the updated physician's estimate on or about January 20, 2017.

19. On or about March 27, 2017, Plaintiff missed work due to a flare up of her back condition.

20. Although Plaintiff had not exhausted her FMLA leave due to her absence of March 27, 2017, and Plaintiff was within the estimated number of flare ups indicated by her doctor in January 2017, Plaintiff was advised by Walmart that she was being terminated on or about March 27, 2017, due to absences.

21. Prior to her termination, Plaintiff was not provided a warning about her absences and Walmart made no attempt to enter into an interactive process with Plaintiff regarding her ability to work with or without a reasonable accommodation.

## COUNT I
## VIOLATION OF THE FMLA-INTERFERENCE WITH FMLA RIGHTS

22. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

23. Plaintiff had the right under the FMLA to twelve weeks of leave because of a serious health condition.

4

24. Plaintiff was approved for FMLA leave at the time of her termination, and, to the extent Plaintiff exceeded her medical provider's initial estimate of episodic flare ups, Plaintiff's doctor had provided an updated estimate prior to her termination.

25. Walmart violated Plaintiff's rights under the FMLA by terminating her while she was on approved FMLA leave.

**WHEREFORE**, Plaintiff Angela Stoner seeks judgment in her favor and against Defendant Walmart for (a) backpay and benefits; (b) reinstatement and/or front pay and benefits in lieu of reinstatement; (c) interest on her monetary losses at the prevailing rate; (d) liquidated damages; (e) attorneys' fees and costs; and (f) such legal and/or equitable relief as allowed by law.

## COUNT II
## DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMMODATION PURSUANT TO THE AMERICANS WITH DISABILITIES ACT

26. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

27. Plaintiff is within the protective class of individuals as designated by the ADA.

28. Plaintiff is a qualified individual with a disability.

29. Plaintiff's disability substantially limits her ability to perform major life activities, including walking, lifting, standing, bending and stooping.

30. Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

31. Defendant violated the ADA and committed illegal discrimination by failing to afford Plaintiff a reasonable accommodation and refusing to allow Plaintiff to work because she is disabled.

32. Defendant further violated the ADA by failing to engage in a flexible interactive process with Plaintiff to determine if a reasonable accommodation existed.

33. The illegal discrimination was based in whole or in part upon Plaintiff's disability.

34. As a direct and proximate result of the conduct of Walmart in violating the ADA by discriminating against Plaintiff on the basis of her disability, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff demands that the Court declare the conduct engaged in by Walmart to be a violation of Plaintiff's rights under the Americans With Disabilities Act and award all compensatory damages, damages for failure to provide reasonable accommodation, lost wages (and raises) and benefits, front pay

and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys' fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

### COUNT III
### (PHRA Allegations)

35. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

36. This is an action arising under the provisions of the Pennsylvania Law, to wit, Title 42 P.S. §951, et seq. (the "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendant jurisdiction over the same because the cause or action complained of in this Count III arises out of the same facts, events and circumstances as Count II and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

37. Walmart violated the provisions of Title 43 P.S. §955 which prohibit discrimination based upon disability.

38. As more fully set forth in Count II, Plaintiff has suffered directly and solely as a result of Walmart's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

7

WHEREFORE, Plaintiff, Angela Stoner, respectfully prays that judgment be entered in her favor and against the Defendant, Walmart, for all of the relief sought in Count II, supra, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

June 26, 2018  
Date

*/s/ Larry A. Weisberg*  
Larry A. Weisberg, Esq. (PA #83410)  
lweisberg@mwcfirm.com

Derrek W. Cummings, Esq. (PA #83286)  
dcummings@mwcfirm.com

Stephen T. Mahan, Jr., Esq. (PA #313550)  
smahan@mwcfirm.com

Stephen P. Gunther, Esq. (PA #324203)  
sgunther@mwcfirm.com

2041 Herr Street  
Harrisburg, PA 17103-1624  
(717) 238-5707  
(717) 233-8133 (FAX)  
*Attorneys for Plaintiff*

8